**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PCL CONSTRUCTION SERVICES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-144C |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's order of April 20, 2006, requiring the parties to consult and provide the Court with a report that specifically delineates which claims, presented in the Complaint in this case, survive the Court's earlier decisions, the parties report as follows.

Counsel for the parties met for two days to orient plaintiff's ("PCL's") counsel to the project site (Visitor's Center and Parking Structure) that is the subject of this case and to discuss the legal and practical issues that face the parties in this litigation. As a result of those discussions, we report that PCL believes that all aspects of the claims made in the Complaint survive the Court's earlier decisions. The claims fall into two general categories, the delay and disruption claims ("D&D") and the CRX claims. The reasons for this differ with regard to the D&D and CRX claims as they are presented in the Complaint. The specific reasons will be more fully presented in PCL's response to the defendant's ("Government's") dispositive motion(s), discussed below. In short, PCL believes that the D&D

and CRX claims are not barred in this case. Even if there are similar or identical factual elements between the current Complaint and the previously litigated case, the current claims are not barred because at least two recognized exceptions to the application of the doctrine of res judicata apply in this instance. Specifically, PCL believes the Government consented to and acquiesced, by express words and actions, to PCL subsequently asserting its D&D and CRX claims. See Section 26(1)(a) of the Restatement (Second) of Judgments; and PCL's Complaint, paragraphs 111 - 116. In addition, PCL believes that the Court and PCL expressly reserved those claims for further adjudication. See Section 26(1)(b) of the Restatement (Second) of Judgments; PCL's Complaint paragraphs 81 - 85; and the Court's statement in 47 Fed.Cl. 745, 802 footnote 48 ("In other words, the testimony at trial of fact witnesses buttressed the analysis and conclusions of the defendant's expert report; however, the absolute conclusions are not adopted by the court and are reserved for any claim that PCL may elect to bring as a delay claim.")

The Government believes that none of the claims presented in PCL's Complaint survive the Court's earlier decisions, and that, for some of PCL's claims and claim elements, there are more than one reason for those claims or claim elements to be barred. The Government believes that all of PCL's D&D and CRX claims arise

from the same factual circumstances as PCL's previously-litigated breach of contract claim and, as such, could have and/or should have been presented to the Court in the previous litigation. Because the present form of the delay and CRX claims were not presented in the breach of contract case, they are barred in this case (regardless of whether defendant's counsel or the Court believed at the time that such claims might survive this Court's decision in PCL's breach of contract case).

Further, even if all of PCL's current claims are not legally barred outright, the factual findings and legal conclusions from the previous litigation must be applied to any further litigation by virtue of the affirmance of this Court's previous decisions. As a result, all factual and legal aspects of PCL's current case that are inconsistent in any way with decisions in the previous litigation (which constitute the vast majority of PCL’s current complaint) cannot be pursued in this case. Discrete examples of this are the support for PCL's D&D claim that are based upon alleged government-caused delays at the parking structure vehicle and pedestrian ramps, alleged government-caused delays involving the catastrophic grounding system, or the entire premise of PCL's current CRX claim which is inconsistent with the previous finding that the costs of PCL’s unresolved CRXs were offset by provisional payments already made by the Government.

As a result of the parties' disagreement concerning which, if any, aspects of PCL's current Complaint survive the Court's affirmed decisions, the Government recommends, and PCL doesn't vigorously oppose, a two-step approach to further proceedings in this case. First, the Government will file a motion that seeks judgment upon PCL's entire Complaint for the reason summarized above. If, after consideration of the Government's motion, the Court determines that PCL's entire Complaint is not barred, the parties will consider the Court's decision and seek to agree upon the specifics of what remains of PCL's claims. If the parties are unable to agree upon the specifics, the Government will likely seek to move for judgment based upon the comparison of PCL's Complaint with the Court's previous decisions.

The parties agree that the Government's first motion will be far less voluminous than a possible second motion which will necessarily have to address numerous specific, detailed, and intertwined factual and legal issues. Consequently, the parties recommend that these dispositive motions be considered sequentially rather than concurrently.

The parties look forward to discussing these matters with the Court at the status conference set for June 28, 2006.

Respectfully submitted,

PETER D. KIESLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/Brian S. Smith
BRIAN S. SMITH
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St. NW
Washington, D.C. 20530
Tele: (202) 616-0391

**Attorneys for Defendant**

s/Durward E. Timmons
Durward E. Timmons
90 South Cascade Avenue
Suite 1500
Colorado Springs, CO 80903
Phone: (719)-475-2440

**Attorney for Plaintiff**