IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PCL CONSTRUCTION SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-144C |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, the United States, has requested that the Court grant summary judgment in favor of the United States pursuant to Rule 56 of the Court's Rules because plaintiff's ("PCL's") claims are barred by res judicata. PCL's opposition to our motion ("PCL's opposition") does not effectively refute the bases of our motion or the facts upon which we rely and, instead, presents three dubious arguments. First, PCL suggests that the Court's decision in PCL Construction Services, Inc. v. United States, 47 Fed. Cl. 745 (2000)("the breach decision"), cannot preclude PCL's "D&D" and "CRX" claims in this case ("delay case" or "delay claims") because the Court did not possess subject matter jurisdiction over PCL's delay claims during the breach case, due, purportedly, to an intent of the Contract Disputes Act to "encourage" split claims and multiple litigations arising out of the same contract. PCL Opp. 17-26.[1] Second, PCL argues that its

[1] PCL's opposition to our motion for summary judgment is cited as "PCL Opp. #." Our motion for summary judgment is cited

delay case does not arise out of the same transactional facts as PCL's breach case – despite the fact that both clearly emanate from the perturbations[2] that PCL allegedly suffered during its partial performance of its contract. Instead, PCL appears to espouse a view of transactional facts so narrow that, if adopted by the Court, it would permit individual litigations for virtually all changes, differing site condition, delay, and defective specifications claims – which are almost universally tried in single cases. PCL Opp. 26-30. Third, PCL argues that, even if its delay case arises out of the same transactional facts as its breach case, the Court and Government "tacitly agreed" or "acquiesced" to re-litigation of the matters involved in PCL's breach case -- despite the fact that PCL itself adamantly refused

---

as "Govt. MSJ #."

[2] It is strange that PCL resists the use of the word "perturbation" in its opposition (Response to DPFUF 4 ("PCL believes that 'perturbation' does not accurately describe what PCL experienced during Contract performance . . .")) when PCL's CPM/scheduling expert employed the term and PCL's former counsel of record used it at trial approximately 19 times. See, e.g. Tr. 7804, 7812, 8523, 10028 (Fenster); 7804 (Kellogg):

> Q. (Fenster): In terms of the perturbation of the sequence of work, in your opinion, was the sequence of work on this job perturbated?
>
> A. (Kellogg): It was dramatically changed, and "perturbation" would be a good word for it.

Tr. 7804.

to ask for the Court or Government's "agreement" or "acquiescence." PCL Opp. 30-36.

In sum, PCL argues that its intentional exclusion of its delay claims from its breach case does not preclude a completely new round of litigation, and that this Court should now fully adjudicate PCL's delay case -- as though the breach case, effectively, never happened. PCL's position is that the Court's breach decision "may affect only very specific facts relating to PCL's [delay] claims" and that " . . . in preparing its [delay] claims, PCL attempted to take into account specific adverse factual findings made by the Court on the Breach Claim." PCL Opp. 36-37. By definition, then, PCL seeks full discovery and trial proceedings upon all of the allegations in its delay complaint which, according to PCL, arise from different transactional facts as the breach case. Litigation of PCL's delay case (including the CRX components which will require the Court to make liability (and possibly quantum) determinations regarding over 100 factually discrete CRXs (PCL Opp. 28-29)) could easily exceed the length and cost of PCL's breach case. It is exactly the kind of wheel-reinvention that the doctrine of res judicata (and 28 U.S.C. §2519) are designed to prevent.

In this reply brief, we will demonstrate that the Court's purported lack of subject matter jurisdiction over PCL's delay claims during the breach case is irrelevant to whether PCL's

breach case arose from the same transactional facts as PCL's delay claims and, therefore, whether res judicata bars PCL's delay case. We will also refute PCL's unlikely argument that PCL's breach and delay cases arise from different transactional facts. We will show that the Government's and the Court's statements prior to final adjudication of PCL's breach case are irrelevant and ineffective to permit PCL now to litigate this case after final adjudication of its breach case. In addition, we will demonstrate that PCL's delay case is expressly barred by 28 U.S.C. §2519, which forever bars PCL from presenting its perturbation claims, in any form, to the Government.

I. PCL's Delay Case Is Barred By 28 U.S.C. §2519

Section 2519 of Chapter 28 of the United States Code, entitled "conclusiveness of judgment" provides that "[a] final judgment of the United States Court of Federal Claims against any plaintiff shall forever bar any further claim, suit, or demand against the United States arising out of the matters involved in the case or controversy." This statute unambiguously bars PCL's delay case, and does so without the need to navigate through PCL's energetic, though unavailing, arguments against res judicata. Although similar to res judicata in its result,[3] 28

[3] See Bertelsen v. White, 58 F.2d 792 (D.C.Mass.1932), affirmed 65 F.2d 719 (1st Cir. 1933)(Court of Claims' judgment, dismissing suit against United States for income tax overpayment, was res judicata in subsequent suit against internal revenue collector); Boruski v. U.S. Government, 70 F.R.D. 553 (D.C.

U.S.C. §2519 is a Congressional mandate, not a judicially-created doctrine[4] and the wording of 28 U.S.C. §2519 is both plain and emphatic, "forever bar[ing] any further claim, suit or demand arising out of the matters involved in the case or controversy. Id. (emphasis added). Further, the preclusive language of 28 U.S.C. §2519 applies to all "matters involved in the [previous] case," and does not only bar the same "claim" or "remedy" sought in the first case – limitations that PCL urges with regard to res judicata. Id. Although the precedent of this Court appears to focus more often upon the common law doctrine of res judicata when precluding re-litigation of similar matters (see Govt. MSJ 11-14 and cases cited therein), we suggest that 28 U.S.C. §2519 provides clear and additional authority for the preclusion of the same or similar claims, as PCL presents here.

For this reason, the Court need not wade through PCL's attempts to distinguish between its breach and delay claims, theories, and remedies, or to entertain PCL's efforts to hide behind a smokescreen of res judicata cases and arguments, because 28 U.S.C. §2519 is unambiguous, directed specifically to this

---

Mass.1976), affirmed 539 F.2d 701, *cert. denied* 429 U.S. 857 (previous adverse decision regarding basic allegation of plaintiff's complaint barred further litigation).

[4] Thus, for example, the "preservation" and "acquiescence" exceptions to res judicata that PCL advocates do not apply to 28 U.S.C. §2519 because there is no provision in the statute that permits the Government or a Court to over-ride its effect by "tacit agreement" or "acquiescence."

Court, and is plainly controlling. PCL's delay case clearly involves the same matters involved in PCL's breach case – i.e. PCL's perturbations and cost overruns at the Hoover Dam visitor center, therefore 28 U.S.C. § 2519 bars PCL's delay case.

PCL has already wasted the Government's and the Court's time, for years, pursuing a meritless and contractually unjustified "breach" case while purposely refusing to present its delay claims. Although PCL now argues that the breach and delay cases arise from different transactional facts, even PCL must admit that the breach and delay claims are at least similar matters and PCL has not even attempted to justify why it did not present its delay claims along with its breach case.

It is also worth noting that 28 U.S.C. §2519 was enacted well before the submission of PCL's breach claim, meaning that PCL was clearly aware that its breach case was PCL's single chance to claim for its perturbations in the construction of the Hoover Dam visitor center,[5] and that any further claim would be barred "forever."

Now, after years of vexing and wasted litigation, PCL wishes the Court and the Government to further indulge its folly by expending still more resources to entertain PCL's delay case. Using a phrase often used by PCL, litigation of PCL's delay case

[5] The Court quite correctly admonished PCL that its decision to exclude delay claims from its breach case was "foolish." Tr. 13042 (the Court).

is "illegal." Breach complaint counts IX, X. PCL's delay case should be summarily dismissed now.

II. PCL's Opposition Does Not Effectively Defeat Our Motion

Even if the Court declines to dismiss PCL's delay case solely upon the basis of 28 U.S.C. §2519, we demonstrated in our motion that PCL's case is still entirely barred by the doctrine of res judicata, and PCL's opposition does not effectively refute that fact. PCL's opposition appears to finally concede that PCL did not expressly reserve for itself, at any time, the right to split its perturbation claim into a breach case and a delay case and to litigate them separately. This singly dispenses with all of the "reservation" arguments contained in paragraphs 81-85 of PCL's delay complaint and documented in appendices 1, 2, and 3 of PCL's opposition. As we demonstrated in our motion for summary judgment, PCL clearly sought to reserve for itself the right to submit claims related to perturbation of PCL's work, and PCL's breach claim invoked those reservations.[6] In simple terms, PCL has agreed to the point of our motion for summary judgment, that

[6] The Government took issue with the form of PCL's breach claim – arguing that PCL's breach claim did not fall within the scope of PCL's reservations because PCL's breach claim was not based upon a CPM analysis. Govt. post trial brief 341-348; Tr. 12977-12980 (Smith). PCL appears to confuse this argument with a "tacit agreement" on our part to litigate a second case on the basis of delay claims.

PCL did not reserve for itself a right to litigate two separate cases.[7]

## III. The Court's Purported Lack Of Subject Matter Jurisdiction Over "Delay Claims" During the Breach Case Is Irrelevant

After a rote description of the basic tenets of the Contract Disputes Act, to which we generally do not object, PCL's primary argument in opposition to our motion is that, because the Court did not have subject matter jurisdiction over delay claims during PCL's breach case, the Court's breach decision cannot bar PCL's delay case. PCL Opp. 17-26. PCL's argument is misplaced. The test for whether res judicata bars a subsequent case is not, and has never been, whether the court in the first case had subject matter jurisdiction over the claim presented in the second case, but instead whether the second case arises out of the same transactional facts as the first. Foster v. Hallco Mfg. Co., Inc., 947 F.2d 469, 478-79 (Fed. Cir. 1991); Paalan v. United States, 57 Fed. Cl. 15 (2003). We do not dispute that PCL's breach case did not contain the same express legal labels and theories that PCL asserts in its delay case (because in its delay complaint PCL purposely chose a new set of legal theories to

[7] This, of course, confirms the error of PCL's delay complaint which alleged that PCL "reserved for itself the right to submit its delay claim." Delay complaint ¶¶ 81-85. During the project, PCL certainly reserved for itself the right to submit a claim, and it did so with its breach claim/case, but PCL did not ever reserve the right to submit and litigate two separate cases.

apply to its claim to recover the costs of its alleged perturbation), but this is of no aid to PCL. We have shown that PCL could have asserted its delay claims in the breach case, that PCL chose not to assert its delay claims in its breach case and that PCL's delay claims arise out of the same transactional facts as PCL's breach case. Brown v. United States, 3 Cl. Ct. 31, 41 (1983), aff'd, 741 F.2d 1374 (Fed. Cir. 1984)(repetitive litigation concerning the same facts is barred not only as to all litigated theories, but as to all "causes of action which were not but should have been raised in the prior litigation.")

PCL cites no precedent, and we are aware of none, where a res judicata analysis hinges upon the subject matter jurisdiction of the Court in the first case. It is the transactional facts in the first case, not subject matter jurisdiction, that is the lynchpin of a res judicata analysis. RCS Enterprises v. United States, 53 Fed. Cl. 303, 307 (2002)("[C]laim preclusion extinguishes 'all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction or series of connected transactions, out of which the action arose.' Restatement (Second) of Judgments § 24(1)")

IV. PCL's Breach And Delay Cases Arise From The Same Transactional Facts

The most farfetched and ill-supported aspect of PCL's opposition is the argument that PCL's delay and breach cases do not arise from the same transactional facts. PCL Opp. 27-30.

PCL attempts to support this argument with little more than a two-page description of the purported substance of its delay case – the number and type of CRXs and the fact that its "D&D" claim is based upon a "classic windows [CPM] delay analysis . . . albeit not in strict accordance with the contract documents." PCL Opp. 28-29. We certainly do not dispute that PCL chose not to support its breach case with a "classic" CPM analysis (actively avoiding a delay analysis instead[8]) and that PCL chose not to present evidence regarding its individual CRX costs at the breach trial, but PCL confuses its questionable (and actually questioned by the Court (Tr. 13042)) litigation strategy with the transactional facts of PCL's breach case. In reality, every single one of PCL's CRXs (and voluminous supporting documentation) were exhibits at the breach trial (Ex. 2285, 12713) and virtually all of the bases for PCL's D&D claim that are the controlling delays in PCL's "classic CPM analysis" (including the backslope, ring beam, dragtie, pedestrian ramp, vehicle ramp, and level 3A footings (PCL. Opp. Appendix 11 (D&D Claim), at 28-40) were litigated ad nauseum in the breach case. See, e.g., PCL post trial brief 132-203 (discussing purported

---

[8] It is difficult to fathom how PCL can urge the Government or the Court to take seriously a "classic" CPM analysis produced years after PCL argued repeatedly that such an analysis was impossible. See, e.g., Mizell Tr. 6719-6721; Kellogg Tr. 7943-7945.

problems at the backslope, ring beam, dragtie, pedestrian ramp, vehicle ramp, level 3A footings, etc.).

In addition to the fact that PCL's breach case and delay case both arise entirely from the perturbations of PCL's work, which we contend to be proper scope of view to assess the "transactional facts," examples abound to support our position: PCL's breach complaint ¶ 128 alleged that "During construction, PCL encountered site conditions which varied substantially from those depicted on the drawings." PCL's delay complaint ¶¶ 37 and 122 alleges that "PCL encountered materially different conditions at numerous locations throughout the Contract work site" and "USBR's pre-award representations to PCL differed materially from those actually encountered during performance of the Contract."

PCL's breach complaint ¶ 290 alleged that "The government took months and, in many instances, over one year to resolve Contract drawing and specification defects, precluding the timely and orderly performance of work." PCL's delay complaint ¶ 166 alleges that "USBR directly caused suspensions and delays to PCL's and it Subcontractors' work by its actions or inactions, including, but not limited to . . . Delays due to failure to furnish adequate Drawings and Specifications and to timely correct their deficiencies."

PCL's breach claim at page 46 (part of a multi-page summary of Reclamation's "maladministration" of the contract regarding

RFIs) alleged that "[o]ther specific examples make it absolutely clear that the USBR's inability to respond timely to RFIs destroyed PCL's ability to perform the Contract as-planned." PCL's delay complaint ¶ 68 alleges that "USBR's unreasonable delays in providing direction or responding to RFIs caused PCL and its Subcontractors to incur unanticipated costs due to delays, disruptions, and/or impacts."

In fact, although PCL urges that its fraud and misrepresentation (breach) claims arise from different transactional facts than its delay case, PCL does not confront the fact that its delay case does not materially differ from Count VII of its breach complaint where PCL expressly alleged a "breach of duty not to hinder or delay" the progress of PCL's work. Breach Complaint ¶¶286-296 (eight of the eleven paragraphs in this count VII contain the word "delay" and the entire Count clearly is based upon the same kinds of "delays and disruptions," as well as issuance and administration of multiple changes (i.e. CRXs), as PCL's delay case).

In sum, PCL's suggestion that its delay case does not arise from the same transactional facts as its breach case is flatly incorrect. PCL's delay case is barred by res judicata.

V. Neither The Government Nor the Court Created For PCL A Right To Split Its Contract Claims Into Two Separately Litigated Cases

As in PCL's delay complaint, PCL once again seeks to use

the Government's statements at the breach trial and in correspondence to PCL's previous attorney during settlement discussions,[9] to do for PCL what PCL did not attempt to do for itself -- to create an avenue by which PCL could submit additional perturbation claims after the breach case. PCL Opp. 32. PCL argues that "the government tacitly agreed or acquiesced in PCL bringing more than one claim," PCL Opp. 32, again failing to acknowledge the simple logic that the Government could not possibly "agree" or "acquiesce" to something that PCL itself did not seek to do.

Because PCL relied upon this argument in its delay complaint, and we have already demonstrated that PCL's reliance is unavailing in our motion for summary judgment, additional discussion of PCL's "acquiescence" argument is unnecessary. Nevertheless, PCL's opposition newly suggests that our letter of May 27, 1999,[10] is "significant" because we advised PCL that it

---

[9] PCL offers no justification for presenting to the Court correspondence between the parties that plainly occurred during a dialogue regarding settlement of the breach case (PCL clearly recognizes that our letter of May 27, 1999, was part of "settlement efforts." PCL Opp. 8). Such evidence is, of course, inadmissable and, therefore, inappropriate for inclusion in PCL's opposition. FRE 408. For this reason, we hereby move to strike both the Government's letter of May 27, 1999 (contained at PCL Opp. Appendix 9), and all references to it in PCL's opposition as well as all of PCL's arguments that rely upon it.

[10] We respond to PCL's new argument concerning our letter of May 27, 1999, only in the alternative -- in the event that the Court denies our motion to strike it based upon FRE 408.

"could still submit a delay claim" if the Court ruled in the Government's favor upon the breach claim. PCL Opp. 8, n. 2. But PCL fails to acknowledge the context in which our communications with PCL were made: Our letter of May 27, 1999, and all of the other statements of "tacit agreement" or "acquiescence" cited by PCL were made prior to the Court's decision on PCL's breach claim, which, by definition, was prior to the Court's full and final adjudication of the transactional facts upon which PCL's breach (and delay) case was based. PCL's revisionist interpretation of our settlement discussions aside, we clearly communicated to PCL that if PCL wished to dismiss its breach case, or if the Court found in favor of the Government (which would not necessarily entail a full and final adjudication of the transactional facts), that PCL's delay claim might be considered. Now that the Court has fully and finally adjudicated all of PCL's breach claims, which precludes further claims that could have been based upon the same transactional facts, PCL's claim is barred by res judicata.[11] PCL's reliance upon the Government's

[11] This is why our offer to "sit down and chat" with PCL (PCL Opp. 13) following a voluntarily dismissed or judicially dismissed breach case no longer applies. Our willingness to consider a delay claim before the breach decision was issued, and our refusal to consider a delay claim after the breach decision was issued, is hardly the "mischief" that PCL suggests. PCL Opp. 36. Considering the statutory and judicial bars to PCL's delay case, it would be totally inappropriate and "illegal" for the Government to further entertain PCL's persistent complaints about its construction perturbations after those issues have already been adjudicated.

or the Court's statements prior to full and final adjudication of PCL's breach claim is misplaced.

## CONCLUSION

For the reasons above, we respectfully request the Court to grant this motion and enter judgment in favor of the Government upon the grounds that PCL's case is barred by 28 U.S.C. §2519 and/or the doctrine of *res judicata*.

Respectfully submitted,

PETER D. KIESLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

s/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/Brian S. Smith
BRIAN S. SMITH
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St. NW
Washington, D.C. 20530
Tele: (202) 616-0391

Attorneys for Defendant

February 28, 2007

CERTIFICATE OF FILING

I certify that on February 28, 2007, the foregoing brief was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Brian S. Smith