In the United States Court of Federal Claims

| | | |
|---|---|---|
| PCL CONSTRUCTION SERVICES, INC. | ) | |
| Plaintiff, | ) | Case No. 06-144C |
| v. | ) | Judge Horn |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**SUR-REPLY OF PLAINTIFF PCL CONSTRUCTION SERVICES**

## INTRODUCTION

In its Reply, the Government for the first time raises the applicability of 28 U.S.C. § 2519. In so doing, it both misconstrues the purpose of the statute and improperly invokes it in an attempt to undo the doctrine of *res judicata* generally and as applied by this Court specifically.

The Government essentially offers three arguments – first, that the plain language of 28 U.S.C. § 2519 makes any consideration of the doctrine of *res judicata* inapplicable; second, that 28 U.S.C. § 2519 renders subject matter jurisdiction irrelevant to the *res judicata* analysis; and third, that the Government's numerous statements to this Court that PCL was free to later submit an equitable adjustment claim are "irrelevant and ineffective," because of 28 U.S.C. § 2519 and

because they were made prior to final adjudication of the breach case. The Government's arguments are unavailing, and none is supported by 28 U.S.C. § 2519.[1]

## ARGUMENT

### A. The Purpose of 28 U.S.C. § 2519 Was to Give the Original Court of Claims Authority to Issue Final Judgments.

The purpose of 28 U.S.C. § 2519, when put in its proper context, does not support the Government's position that the statute can be read to abolish all of the exceptions to *res judicata* that have traditionally been applied by the Federal courts in general and this Court in particular. 28 U.S.C. § 2519 must be read in conjunction with the origins of the Tucker Act, which trace back to 1855 when Congress first created the Court of Claims (now known as the United States Court of Federal Claims). *See* Michelle Visser, *Sovereign Immunity and Information Defectors: The United States' Refusal to Protect its Protectors*, 58 STAN. L. REV. 663, 680-681 (2005).

Originally, the Court of Claims did not have jurisdiction to issue final judgments. Rather, its jurisdiction was limited to reviewing certain private relief bills and making recommendations to Congress, which made all final decisions. *See id.* In 1863, Congress adopted the Act of March 3, 1863, ch. 92, § 5, 12 Stat. 765, 766 (1863), presently codified at 28 U.S.C. § 2519. The primary purpose of this Act was to give the Court of Claims jurisdiction to render final judgments, not to impose a different standard of *res judicata* that was unique to the Court of Claims and its successors.

As the Government admits, this Court traditionally has applied the common law doctrine of *res judicata* when determining whether a second action should be barred. *See* Reply, p. 5. To the extent that 28 U.S.C. § 2519 can be construed to state the rule of *res judicata*, there is

[1] Notably, in its Reply, the Government completely ignores and fails to address PCL's separate argument that the Court itself reserved for PCL the right to submit a claim for equitable adjustment after the conclusion of the breach trial. *See* PCL Response, pp. 30-32.

nothing in the statute that warrants the Court ignoring the substantial body of law limiting the application of the doctrine. Indeed, there is not a single case that interprets the statute to impose a *res judicata* bar without the judicially recognized safeguards. Rather, the case law is to the contrary. *See Boruski v. United States Government*, 493 F.2d 301, 304 (2nd Cir. 1974) ("general *res judicata* principles" are applicable in the Court of Federal Claims pursuant to 28 U.S.C. § 2519).

**B. There Is No *Res Judicata* Bar to PCL's Equitable Adjustment Claim Under 28 U.S.C. § 2519 Where the Court Did Not Have Jurisdiction Over the Claim in the Prior Action.**

There is also nothing in 28 U.S.C. § 2519 that warrants the Court ignoring the scheme of review contemplated by the Contract Disputes Act ("CDA"), 41 U.S.C. § 601, *et seq.*, which, among other things, expressly contemplates more than one suit arising out of a single government contract. *See* PCL Response, pp. 17-19. Specifically, § 609(d) provides:

> ***If two or more suits arising from one contract are filed in the United States Court of Federal Claims*** . . . the United States Court of Federal Claims may order the consolidation of such suits in that court or transfer any suits to or among the agency boards involved.

(Emphasis added.) *See also Kinetic Builder's, Inc. v. Peters*, 226 F.3d 1307, 1312 (Fed. Cir. 2000) ("the CDA recognizes that a single government contract may give rise to more than one claim"); *Placeway Const. Corp. v. United States*, 920 F.2d 903, 907 (Fed. Cir. 1990) (government contract can give rise to more than one claim and contractor may pursue his rights "by filing two or more suits in either one or more fora"). Notably, the Government makes no effort to reconcile its interpretation of 28 U.S.C. § 2519 with § 609(d) of the CDA or the cases construing that section. Nor could it. To construe 28 U.S.C. § 2519 as the Government suggests would render § 609(d) meaningless.

Moreover, under § 605 of the CDA, there are two prerequisites to this Court acquiring subject matter jurisdiction over a particular dispute: 1) the contractor must have submitted a certified claim to the contracting officer; and 2) the contracting officer must have issued a final decision on that claim. *See* PCL Response, p. 20 and cases cited therein. Significantly, the Government does not dispute that the Court did not have jurisdiction over PCL's certified Delay and Disruption and CRX claims in the breach case. Rather, it takes the position that it doesn't matter. The common law doctrine of *res judicata,* as historically applied by this Court, however, makes clear that the fact that the Court did not have jurisdiction over PCL's certified Delay and Disruption and CRX claims in the first action is not only highly relevant but dispositive of the issue presently before the Court. The doctrine of *res judicata* provides as a prerequisite that a "full and fair opportunity to litigate" a claim has occurred. *See Bailey v. United States*, 54 Fed. Cl. 459, 474 (2002). Because the Court did not have subject matter jurisdiction over PCL's Delay and Disruption and CRX claims in the earlier case, PCL did not have a full and fair opportunity to litigate them, and the doctrine does not apply. Nothing in 28 U.S.C. § 2519 requires a different outcome.

**C. The Government's Position that It Can Rely on 28 U.S.C. § 2519 to Revoke its Numerous Statements that PCL Would be Free to Bring an Equitable Adjustment Claim After Conclusion of the Breach Trial is Unavailing.**

In its Reply, the Government argues with no supporting authority that the universally recognized exception to *res judicata* of "acquiescence" or "consent" does not apply, because 28 U.S.C. § 2519 somehow prevents the Court from considering traditional application of *res judicata* principles. The Government also continues to argue that it could not have acquiesced in PCL bringing a separate claim for equitable adjustment unless PCL specifically reserved the claim and expressly asked for the Government's consent. *See* Reply, p. 13.

In its Response, PCL cites numerous cases, none of which is addressed by the Government, that make clear that such rigid requirements are not necessary. Acquiescence can be found where a defendant makes statements, such as here, indicating that it does not believe a claim is encompassed by the present suit or where the parties share no more than a common assumption that two suits can be brought. Indeed, in certain circumstances, even silence is sufficient to establish acquiescence. *See, e.g.*, *Pueschel v. United States*, 369 F.3d 345 (4th Cir. 2004); *Bankruptcy Estate of Lake Geneva Sugar Shack, Inc. v. General Star Indemnity Co.*, 200 F.3d 479 (7th Cir. 2000); *Dodd v. Hood River County*, 59 F.3d 852 (9th Cir. 1995); *Rosado v. General Electric Circuit Breakers, Inc.*, 805 F.2d 1085 (1st Cir. 1986). Nothing in 28 U.S.C. § 2519 expressly provides, or even suggests, that a defendant by its *own conduct and words* should be allowed to take one position and then, when that position no longer serves its needs, argue the opposite.

The Government's attempt to distance itself from its repeated statements to PCL and to the Court concerning PCL's right to bring a second action on the ground that these statements are "irrelevant" or "ineffective," because they were made prior to this Court's decision in the breach case, *see* Reply, p. 4, should also be rejected. The Government's attempt to re-cast its statements as applying *only* during the time period prior to final adjudication of the breach case is belied by the statements themselves.

For example, in the May 27, 1999 letter from Brian Smith to Herbert Fenster, it could not be clearer that Mr. Smith is discussing what the Government would be willing to do *after* the

Court entered judgment in favor of the Government on *all* of PCL's claims in the breach case.[2] Mr. Smith said:

> ***[W]e will not engage in discussion with PCL unless and until . . . the Court enters judgment in favor of the Government on all counts*** of PCL's breach of contract case ***and PCL submits a certified equitable adjustment claim*** for delays/impacts.

(Emphasis added.)

Mr. Smith's statements during the Government's closing argument in the breach case also clearly go to what the Government believed should happen *after* the Court issued its ruling in that case. *See* Excerpt from the Government's closing argument cited in PCL's Response, p. 10, in which Mr. Smith urged the Court to find "no breach" on all of PCL's claims and expressly acknowledged that if the Court did so:

> ***Then PCL will be free to go off and make an equitable adjustment claim if it wants to.*** The contracting officer will get an opportunity to pass on it, as he has never been provided. And if the parties do not resolve them at that level, it will proceed just like a normal case. ***And maybe or maybe not you and I will see each other again litigating an equitable adjustment claim for delay. But that is the effect of what happens if you find no breach.***

(Emphasis added.) The Government's position that these representations made on the record applied only during the time period prior to the Court's decision in the breach case is baseless.

Because one of the main purposes of the rule preventing claim splitting is to protect a defendant from being subjected to multiple actions arising out of the same transaction, where a

[2] The Government's position that the May 27, 1999 letter should be off limits because it was written in the context of settlement discussions misstates the scope of F.R.E. 408. *See* Reply, p. 13 n. 9. F.R.E. 408(a) does not preclude the introduction of offers to compromise if offered for purposes other than to prove liability for or the amount of a claim. *See* F.R.E. 408(b); *see also Ryan-Walsh, Inc. v. United States*, 39 Fed. Cl. 305, 307 (1997); *Starter Corp. v. Converse, Inc.*, 170 F.2d 286, 294 (2nd Cir. 1999) (allowing to prove claims of estoppel); *Bankcard Am. v. Universal Bankcard Systems.*, 203 F.3d 477, 484 (7th Cir. 2000) ("It would be an abuse of Rule 408 to allow one party during compromise negotiations to lead his opponent to believe that he will not enforce applicable time limitations and then object when the opponent attempts to prove the waiver of time limitations"). PCL introduces the May 27, 1999 letter to demonstrate that the Government agreed to or acquiesced in the splitting of its claims, not to prove liability for or the amount of its claims.

defendant has either expressly or tacitly agreed to or has acquiesced in the splitting of a claim, there is no purpose served by the rule. *See* PCL Response, pp. 32-33 and cases cited therein. There is no reason why the rationale behind this exception should not apply here, notwithstanding the language of 28 U.S.C. § 2519. A contrary rule imposing *res judicata*, despite the fact that a defendant agreed to or acquiesced in the splitting of a claim, would encourage the very type of flip-flopping in which the Government is now engaged.

Throughout these proceedings, the Government not only acquiesced in PCL bringing a later claim for equitable adjustment, but actively encouraged and expressly invited such a claim. The Government did not merely consent, but affirmatively sought to gain an advantage at the conclusion of the breach trial by repeatedly making unequivocal statements to the Court which it now seeks to pass off as "irrelevant and ineffective." It should not be permitted to renege on its previous statements to PCL and to the Court.

## **CONCLUSION**

For the reasons set forth above and in PCL's Response Brief, PCL respectfully requests that the Court deny the Government's Motion for Summary Judgment.

DATED this 9th day of March, 2007.

SHERMAN & HOWARD LLC

By: s/ Durward E. Timmons
Durward E. Timmons

90 S. Cascade Avenue
Suite 1500
Colorado Springs, CO 80903-4015
Phone Number: (719) 475-2440
Facsimile: (719) 635-4576

Attorneys for Plaintiff PCL Construction Services, Inc.

OF COUNSEL:
Michael J. Cook
Sherman & Howard LLC
633 17th Street, Suite 3000
Denver, CO 80202
Phone Number: (303) 297-2900
Facsimile: (303) 298-0940

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of March, 2007, a true and correct copy of the foregoing **SUR-REPLY OF PLAINTIFF PCL CONSTRUCTION SERVICES** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Service is complete upon filing and parties may access this filing through the Court's system.

In addition, a true and correct courtesy copy of the foregoing was served on the 9th day of March, 2007, by depositing same in the United States. mail, postage prepaid, addressed to the following:

Peter D. Kiesler, Assistant Attorney General
David M. Cohen, Director
Deborah A. Bynum, Assistant Director
Brian S. Smith, Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
Attention: Classification Unit – 8th Floor
1100 L Street N.W.
Washington, D.C. 20530

s/ Durward E. Timmons